IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEAL M. DOUGLAS, et al., | NO. C 03-04518 JW |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART REESE M. JONES' MOTION TO CONSOLIDATE** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant(s). | |

Presently before the Court is Reese M. Jones' Motion to Consolidate. Mr. Jones is the plaintiff in the case of <u>Reese M. Jones v. Deutsche Bank, et al.</u>, Case No. C-04-5357 JW ("the Jones action"), a case determined by this Court to be related to the present action ("the Douglas action") pursuant to Civil L.R. 3-12(b). Mr. Jones claims that since both the Jones action and the Douglas action arise from the Plaintiffs' participation in a tax shelter known as "CARDS," and both cases will involve discovery from the alleged promoters of CARDS, consolidation would be in the interests of judicial economy. The parties of the present action, as well as the Defendants in the Jones action, all oppose Mr. Jones' motion.

The Court held a hearing on the matter on June 6, 2005. Based on all of the arguments made at the hearing and in the parties' briefs, the Court grants in part and denies in part Reese M. Jones' Motion to Consolidate.

Federal Rule of Civil Procedure 42(a) provides for consolidation "[w]hen actions involving a common question of law or fact are pending before the court...." FED. R. CIV. P. 42(a). To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for

delay, confusion and prejudice caused by consolidation." <u>Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.</u>, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, the Court finds that the significant potential for confusion, inefficiency and prejudice far outweigh the minimal convenience that may result from the consolidation of the Jones and Douglas actions. The law firm of McDermott Will & Emery LLP ("McDermott") represents Plaintiffs Neal and Christine Douglas in the Douglas action and the Chenery Defendants in the Jones action. If the two actions were consolidated for all pre-trial purposes, McDermott would be in the precarious position of having to represent two clients in the same action with unique, and possibly competing, legal interests. The Court declines to put McDermott, and its clients, in this potentially prejudicial position.

The Court, however, is persuaded that the interest of judicial economy would be best served by consolidating the pretrial proceedings of the two actions with respect to third party witnesses who would otherwise be called upon for discovery in both actions. Thus, Reese M. Jones' motion to consolidate is denied for all purposes, with the limited exception of mutual third party witnesses. Should the parties find a need for suitable protective orders with respect to third party witnesses, the parties are referred to Magistrate Judge Seeborg for further proceedings.

Dated: August 12, 2005     /s/ James Ware
JAMES WARE
United States District Judge

03cv4518consol

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Christopher Kliefoth ckliefoth@mwe.com
Daniel E. Alberti dalberti@mwe.com
Emily J. Kingston Emily.Kingston@usdoj.gov
Goud Maragani Goud.P.Maragani@usdoj.gov
Jay R. Weill jay.weill@usdoj.gov
Marika Lancaster Marika.E.Lancaster@usdoj.gov
Mark Hunter Churchill mchurchill@mwe.com
William Carl Hankla w.carl.hankla@usdoj.gov
William M. Lukens wlukens@lukenslaw.com

Dated: August 12, 2005            Richard W. Wieking, Clerk


By:  /jwchambers/
     **Ronald L. Davis**
     **Courtroom Deputy**