1

2 Daniel E. Alberti (State Bar No. 68620)
**McDERMOTT WILL & EMERY LLP**
3150 Porter Drive
3 Palo Alto, CA 94304
Telephone: (650) 813-5000
4 Facsimile: (650) 813-5100

5 *Pro Hac Vice*:
Christopher Kliefoth
6 Mark H. Churchill
**McDERMOTT WILL & EMERY LLP**
7 600 13th Street, N.W.
Washington, D.C. 20005
8 Telephone: (202) 756-8000
Facsimile: (202) 756-8087

9
Attorneys for Plaintiffs and Counterclaim Defendants,
10 **NEAL M. DOUGLAS and CHRISTINE R.**
**DOUGLAS**

11

12 UNITED STATES DISTRICT COURT

13 FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 SAN JOSE DIVISION

15 NEAL M. DOUGLAS and CHRISTINE R.          CASE NO. C03-04518 JW EAI
DOUGLAS,
16                                           ELECTRONIC CASE FILING
                    Plaintiffs,
17                                           **STIPULATED REQUEST FOR ORDER OF**
        v.                                   **STAY OF DEPOSITIONS, TRIAL AND**
18                                           **OTHER ACTIVITY (EXCEPT**
   UNITED STATES OF AMERICA,                 **DOCUMENT DISCOVERY AND**
19                                           **CERTAIN DEPOSITION DISCOVERY),**
                    Defendant and Plaintiff  **REQUEST FOR RULING ON POSSIBLE**
20                  on Counterclaim,         **ADDITIONAL CARVE-OUT DURING**
                                             **PENDENCY OF STAY, AND [PROPOSED]**
21                                           **ORDER THEREON**
        v.
22                                           **Next Hearing Date: July 10, 2006**
   NEAL M. DOUGLAS and CHRISTINE R.          **Time: 10:00 a.m.**
23 DOUGLAS,                                  **The Honorable James Ware**

24                  Defendant on
                    Counterclaim.
25

26

27
STIPULATED REQUEST FOR ORDER OF STAY,
28 REQUEST FOR RULING, [PROPOSED] ORDER          CASE NO. C-03-04518 JW EAI
THEREON

McDERMOTT, WILL & EMERY
ATTORNEYS AT LAW

WHEREAS, on April 24, 2006, the United States government filed a Motion for Stay of Depositions, Trial and Other Activity (Except Document Discovery) Pending Completion of *Stein* Criminal Tax Shelter Case in S.D.N.Y. ("Motion for Stay"), in the above-caption matter, *Douglas v. United States of America* case (Case No. CV-03-4518 JW(RS));

WHEREAS, the government's Motion for Stay seeks a stay on all deposition and non-document discovery and other activity until completion of the trial in a criminal tax shelter case pending in the U.S. District Court for the Southern District of New York, the *Stein* case, which is scheduled to commence on September 11, 2006 and conclude approximately in January or February 2007;

WHEREAS, on May 22, 2006, Plaintiffs Neal M. Douglas and Christine R. Douglas ("Plaintiffs") filed an Opposition to the Government's Motion for Stay;

WHEREAS, Plaintiffs' Opposition seeks an additional "carve out" from the requested stay (*i.e.*, beyond ongoing document discovery) that also permits deposition discovery on the government's accuracy-related penalty counterclaim; specifically, depositions to develop essential facts concerning the following contentions:

(1) Plaintiffs' contention that the penalty was erroneously imposed because Plaintiffs complied with Internal Revenue Service ("IRS") Disclosure Initiative 2002-2;

(2) Plaintiffs' contention that they filed a qualified amended return, which would prevent the government from seeking a penalty based on amounts provided in Plaintiffs' first amended return;

WHEREAS, the government and Plaintiffs (collectively, "the Parties") presented their respective arguments concerning the Motion for Stay and what discovery and legal briefing could be appropriately carved out of a stay at the case management conference held before this Court on June 12, 2006;

WHEREAS, the Parties have engaged in further discussions and reached agreement as to the parameters for a stay of the case, including the provision during the stay of targeted deposition discovery (during an "Initial Discovery" period) and legal briefing regarding contention (1);

WHEREAS, the Parties are, however, at an impasse and cannot agree to the efficacy of deposition discovery during the Initial Discovery period and legal briefing regarding contention (2) above or the impact of such discovery on the criminal proceedings;

NOW, THEREFORE, IT IS STIPULATED AND AGREED, by and between the Parties, subject to the Court's approval, that:

1.      This matter is stayed pending completion of the *Stein* criminal matter now pending in the U.S. District Court for the Southern District of New York.

2.      Excepted from the stay, however, are each of the following:

a.   Document discovery;

b.   Deposition discovery necessary to develop facts related to Plaintiffs' contention that they do not owe an accuracy-related penalty under 26 U.S.C. § 6662 because they complied with IRS Disclosure Initiative 2002-2;

c.   Deposition discovery necessary to develop facts related to Plaintiffs' contention that any accuracy-related penalty under Internal Revenue Code § 6662 was the subject of a binding abatement by the IRS and, therefore, cannot be asserted as a counterclaim subject to the understanding that it is the government's position that this is a frivolous argument and the government reserves the right to object to any discovery that is not necessary to resolve the issue; and

d.   Summary judgment briefing related to the disclosure initiative issue and abatement aspects of the asserted accuracy-related penalty under 26 U.S.C. § 6662.

STIPULATED REQUEST FOR ORDER OF STAY,
REQUEST FOR RULING, [PROPOSED] ORDER
THEREON

CASE NO. C-03-04518 JW EAI

3.      The following two-tiered schedule for discovery and briefing on that portion of the accuracy-related penalty excepted from the stay applies:

| Event | Requested Deadline |
|-------|--------------------|
| End of Initial Discovery[1] on specified aspects accuracy-related penalty counterclaim (under IRC § 6662) | 4 months from entry of stipulated order (or approximately October 31, 2006) |
| Summary judgment motion deadline for specified aspects of the accuracy-related penalty counterclaim (under IRC § 6662) | 30 days after close of discovery (November 30, 2006) |
| Hearing on summary judgment motions related to specified aspects of the accuracy-related penalty counterclaim (under IRC § 6662) | January 8, 2007, at 9:00 a.m. |

4.      The Parties submit for the Court's determination their dispute as to whether Initial Discovery and subsequent summary judgment briefing on specified aspects of the government's accuracy-related penalty counterclaim under IRC § 6662 will include adjudication of the following aspect of the penalty: whether to the extent an accuracy-related penalty is properly asserted in this case, it must be calculated based on the Plaintiffs' first amended return under the so-called "qualified amended return" basis for calculation.  The Parties make the following contentions for the Court's consideration:

a.   The government contends that fraud in the filing of the original return is an exception to basing calculation of accuracy-penalties on the lesser amounts disclosed in a qualified amended return.  Therefore, the government cannot use the tax amounts disclosed in Plaintiffs' first amended return until fraud has been ruled out in relation to the filing of Plaintiffs' original return.  The government intends

---

[1] The Initial Discovery period is created for the Parties to litigate specified aspects of the government's accuracy-related penalty counterclaim (as determined by this Court's order adopting the stipulation of the Parties).  Other document discovery is deemed ongoing during the pendency of the stay.  A separate stipulated scheduling order will be presented for the Court's approval on or about the time the stay in this case is lifted (approximately January or February 2007).

McDermott, Will & Emery
Attorneys At Law

to engage in discovery to ascertain the existence of fraud, but in order to do so, the government will need deposition testimony and other discovery not only of the Plaintiff taxpayers, but also of various other parties to the CARDS transaction at issue in this litigation who have provided assistance to Plaintiffs during the preparation of their tax returns, such that interference with the *Stein* matter and other criminal investigations could occur.  In sum, the government believes Plaintiffs' cannot resolve the fraud question in either direction without deposition discovery that should not occur during the stay.

b. Plaintiffs contend that although fraud is an exception to the "qualified amended return" basis for calculation of an accuracy-related penalty, the only relevant intent is that of the Plaintiff taxpayers.  The essential factual question concerns whether the taxpayers had the intent to evade payment of income tax at the time they filed their original return.  Plaintiffs believe that the question of their intent can be fully answered by the taking of their depositions (in addition to other document discovery).  There will be no interference with the *Stein* matter (which does not concern a CARDS transaction and is wholly unrelated to Plaintiffs) or any other criminal investigation as a result.  To the extent the government asserts that other deposition discovery beyond that of Plaintiffs is required on the fraud issue, such argument is based on speculation.  Moreover, Plaintiffs contend that such an argument could be part of the government's opposition brief (*i.e.*, if Plaintiffs argue as part of their summary judgment papers that no fraud concerning the filing of their original return was found in the Initial Discovery period, the government can counter that the record is insufficiently developed and specify what other discovery is expected to reveal).

5. The Parties have included a [Proposed] Order for the Court's consideration.

STIPULATED REQUEST FOR ORDER OF STAY,
REQUEST FOR RULING, [PROPOSED] ORDER
THEREON

CASE NO. C-03-04518 JW EAI

McDERMOTT, WILL & EMERY
ATTORNEYS AT LAW

1   Respectfully submitted,

2

3   ***Attorneys for Plaintiffs Neal M. Douglas***          ***Attorneys for Defendant***
    ***and Christine R. Douglas***                          ***United States of America***

4

5   _____/s/ Mark H. Churchill_____          _____/s/ Joseph A. Sergi_____
    Christopher Kliefoth (admitted *pro hac vice*)   W. Carl Hankla

6   Mark H. Churchill (admitted *pro hac vice*)      Joseph A. Sergi
    MCDERMOTT WILL & EMERY LLP                        Goud P. Maragani

7   600 13th Street, N.W.                             Justin S. Kim
    Washington, DC  20005                             Trial Attorneys, Tax Division

8   (202) 756-8000 – Telephone                        United States Department of Justice
    (202) 756-8087 – Facsimile                        P.O. Box 683 Ben Franklin Station

9                                                     Washington, D.C. 20044
                                                      (202) 305-0868 – Telephone
10

11  Daniel E. Alberti (CSBN 68620)
    MCDERMOTT WILL & EMERY LLP

12  3150 Porter Drive
    Palo Alto, CA  94303-1212

13  (650) 813-5000 – Telephone
    (650) 813-5100 – Facsimile

14

15  Dated:  June 30, 2006

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED REQUEST FOR ORDER OF STAY,          CASE NO. C-03-04518 JW EAI
REQUEST FOR RULING, [PROPOSED] ORDER
THEREON

McDermott, Will & Emery
ATTORNEYS AT LAW

McDermott, Will & Emery
Attorneys At Law

# [PROPOSED] ORDER

Based upon the foregoing stipulation of the parties, and good cause appearing therefore, it is hereby ORDERED that this matter is stayed pending resolution of the *Stein* criminal matter now before the U.S. District Court for the Southern District of New York.

It is FURTHER ORDERED that the following matters are either excepted from or included in the stay, as indicated immediately below:

|  | Excepted from Stay | Included in Stay |
|---|---|---|
| Document discovery (as stipulated) | __X__ | _____ |
| Deposition discovery concerning whether Plaintiffs complied with IRS Disclosure Initiative 2002-2 | __X__ | _____ |
| Deposition discovery concerning whether a binding abatement has eliminated any accuracy-related penalty under IRC § 6662 (as stipulated) | __X__ | _____ |
| **Deposition discovery concerning whether Plaintiffs filed a qualified amended return** | _____ | _____ |

It is FURTHER ORDERED, that those matters excepted from the stay as adjudged above are subject to the following schedule:

| Event | Deadline |
|---|---|
| End of Initial Discovery on specified aspects accuracy-related penalty counterclaim (under IRC § 6662) | October 31, 2006 |
| Summary judgment motion deadline for specified aspects of the accuracy-related penalty counterclaim (under IRC § 6662) | November 30, 2006 |

STIPULATED REQUEST FOR ORDER OF STAY,
REQUEST FOR RULING, [PROPOSED] ORDER
THEREON

CASE NO. C-03-04518 JW EAI

| Event | Deadline |
|---|---|
| Hearing on summary judgment motions related to specified aspects of the accuracy-related penalty counterclaim (under IRC § 6662) | January 8, 2007, at 9:00 a.m. |

Dated: July _7_, 2006

_____
Honorable James Ware
United States District Judge

STIPULATED REQUEST FOR ORDER OF STAY,
REQUEST FOR RULING, [PROPOSED] ORDER
THEREON

CASE NO. C-03-04518 JW EAI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McDermott, Will & Emery
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I, Mark H. Churchill, an attorney with the law firm of McDermott Will & Emery LLP, hereby certify that a true and correct copy of the foregoing was served this 30th day of June 2006, on the service list established for this proceeding pursuant to L.R. 5-4 and the rules for electronic case filings in this District.

_____/s/ Mark H. Churchill_____

STIPULATED REQUEST FOR ORDER OF STAY,
REQUEST FOR RULING, [PROPOSED] ORDER
THEREON

CASE NO. C-03-04518 JW EAI