**\*E-FILED 10/16/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEAL M. DOUGLAS and CHRISTINE R. DOUGLAS,<br><br>   Plaintiffs,<br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant.<br>_____/ | NO. C 03-4518 JW (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER** |

## I. INTRODUCTION

Plaintiff Neal and Christine Douglas brought this action against the United States contending they overpaid taxes in the year 2000 by more than $14 million and are therefore entitled to a refund. The United States asserts no refund is due and has filed a counterclaim seeking to impose an accuracy-related penalty under Internal Revenue Code section 6103. The Douglases now move to compel the United States to respond to various discovery requests. The United States opposes the motion and brings a putative "cross-motion" for a protective order[1]. For the reasons set forth below, the motions will be granted in part and denied in part.

---

[1] Although a prior version of the Civil Local Rules permitted a party to file a cross-motion with its opposition, the rules do not now permit any cross-motion to be heard on less than the full 35 days notice. As the motion and "cross-motion" are mirror images of each other, however, there appears to be no reason to consider whether the cross-motion is procedurally proper.

1

## II. BACKGROUND

The underlying dispute in this action involves the validity of a "CARDS" tax shelter in which the Douglases invested. The United States contends the CARDS transaction was abusive, and seeks nearly $6 million in penalties as a result of the Douglases having claimed a deduction for their alleged losses in that connection. The Douglases, in turn, seek to recover more than $14 million they paid in taxes after the CARDS deduction was disallowed.

In view of related criminal proceedings in the Southern District of New York involving other parties, the presiding judge herein *stayed* this action, but in what the parties refer to as a "carve out" from the stay, permitted discovery to proceed on the Douglases' "abatement" and "amnesty" affirmative defenses to the penalty counterclaim. Under the "carve out," the United States reserved its right to *object* to discovery, "that is not necessary to resolve the issue." See Docket No. 68. The Douglases's "abatement" defense involves their contention that the United States is bound by a determination made by the IRS Taxpayer Advocate Service ("TAS") in 2005 to abate the penalty. The United States contends this is an unpleaded statute of limitations defense that lacks merit because the TAS simply made a mistake that has since been corrected. The United States also contends the Douglases have unclean hands because they approached the TAS when they knew that the matter was already being handled by the Justice Department.

The Douglases' "amnesty" defense (which the United States also contends was not pleaded)[2] arises from their assertion that they should have been given amnesty from any penalty because they participated in a "Disclosure Initiative" that offered amnesty to taxpayers who provided certain information to the Internal Revenue Service regarding alleged abusive tax shelters. The United States apparently contends that the Douglases are not entitled to amnesty under the Disclosure Initiative because they failed to comply with all of the conditions of that program.

---

[2] Whether or not the Douglases have adequately pleaded these defenses is immaterial for purposes of analyzing this discovery motion. Although pleadings may serve to frame the appropriate scope of discovery, there is no dispute that the Douglases have denied liability for the counterclaim penalty. On the present record, there is no basis to conclude that they should be precluded from exploring facts, simply because specific legal theories implicated by those facts may not have been expressly set forth in their response to the counterclaim.

2

III.  DISCUSSION

A.  <u>"Disparate Treatment"</u>

The United States objects to the diputed discovery requests on grounds that many of them seek information regarding taxpayers "similarly situated" to the Douglases. Indeed, the United States suggests that the Douglases are effectively offering another "unpleaded" affirmative defense–i.e., that the United States may not recover a penalty from them if it has treated them differently from other taxpayers.

The Douglases expressly disclaim that they are asserting any such "disparate treatment" or "selective prosecution" defense. Rather, they contend, they are entitled to discovery into the IRS's treatment of similarly situated taxpayers simply because it is *relevant* to their argument that the IRS acted arbitrarily and capriciously in their case. At first blush, discovery into the IRS's *usual* policies and practices might appear to meet the ordinary standards for discovery relevance. On closer examination, however, it becomes apparent that a plaintiff should not be able to evade the usual limitations on discovery into the records of "similarly situated" taxpayers simply by disclaiming any express reliance on a "disparate treatment" or "selective prosecution" theory.

"In order to be entitled to discovery in a selective prosecution case, a plaintiff must offer "at least a colorable claim" that (1) he or she was singled out for prosecution from among others similarly situated, and (2) that his or her prosecution was improperly motivated." *Branch Ministries, Inc. v. Richardson*, 970 F.Supp. 11, 16 (D.D.C. 1997). This is a "higher threshold" than relevance under Rule 26. *Id.* The Douglases have failed to meet that threshold here, and may not avoid the requirement of doing so under the guise that they are not pursuing a selective prosecution or disparate treatment claim *per se*.[3]

B.  <u>Discovery relevance vs. merits arguments</u>

A substantial portion of the United State's briefing in opposition to this motion is devoted to an attempt to show that the Douglases' "amnesty" and "abatement" defenses are without legal *merit*.

---

[3] The conclusion that the United States need not provide information as to "similarly situated" taxpayers moots its objections based on those persons' privacy interests and on the alleged burdens of compiling the requested information.

3

1  At the hearing, the Court raised that issue by asking the parties whether those arguments would be
2  more appropriately presented to the presiding judge in the context of a dispositive motion. After the
3  hearing, plaintiffs requested and were granted an opportunity to submit further briefing on that
4  question. In their supplemental briefing, plaintiffs take the position that the United States is
5  procedurally barred from bringing a motion before the presiding judge to dispose of these defenses
6  at the present juncture. Plaintiffs further argue that to the extent the United States could now seek or
7  in the future may seek to bring such a dispositive motion, then their present motion should be seen
8  as an adequate request under Rule 56 (f) of the Federal Rules of Civil Procedure to permit further
9  discovery before any such motion is considered.

10  In response, the United States argues that it *can*, with leave from the presiding judge, seek to
11  dispose of these affirmative defenses by motion for partial summary judgment. The United States
12  requests that the Court deny or defer ruling on the present motion until it has brought such a motion
13  before the presiding judge.

14  The primary point of the Court's questions at oral argument was that it ordinarily is not a
15  legitimate grounds for resisting discovery to argue that the claims or defenses to which the discovery
16  relates lack legal merit. At this point, it is not appropriate for the Court to venture an opinion as to
17  whether or not the United States has the right to seek partial summary judgment in its favor on the
18  merits of these counterclaim defenses. Nor would it be appropriate to delay further the proceedings
19  by deferring resolution of this motion until such unspecified time as the United States may, (1) seek
20  leave to file a motion for partial summary judgment, (2) actually file such a motion, and (3) receive a
21  ruling by the presiding judge.

22  Conversely, the Court cannot simply deem plaintiffs' present motion as having been brought
23  under Rule 56 (f). At the outset, there is no pending motion for summary judgment or partial
24  summary judgment under Rule 56.  Moreover, even assuming such a motion were pending before
25  the presiding judge, it would be for him to determine whether a continuance for discovery under
26  Rule 56 (f) was warranted. The referral of all "discovery disputes" to the undersigned does not
27  encompass making a determination as to whether a particular dispositive motion can be granted or
28  denied without further discovery. Accordingly, plaintiffs' present motion will be evaluated based on

4

the claims and defenses that presently exist in the case, without consideration of whether those claims and defenses have substantive merit.

C. Specific requests

It appears that the majority of the document requests and interrogatories in dispute are primarily directed at obtaining information regarding other similarly situated taxpayers. To the extent that is true, the conclusion expressed above suggests that further substantive responses may not necessarily be required. The Court declines, however, to parse those requests to determine the extent to which, if any, the United States must provide further substantive responses with respect to at least the Douglases, if not also with respect to the IRS's *general* policies and procedures.[4] Additionally, the deposition topics at issue plainly encompass at least some subjects that go beyond the specific treatment of other taxpayers. Accordingly, within 20 days of the date of this order, the United States shall serve amended written responses to the discovery requests that are consistent with this order.

In light of the concerns raised by the United States, however, its obligation to produce documents or witnesses shall be stayed for 30 days. If, within those 30 days, the United States obtains leave to file, and does file, a dispositive motion addressing the merits of the Douglases' abatement and amnesty defenses, then the obligation to produce documents and witnesses shall automatically be stayed pending the earliest of: (1) entry of any order by the presiding judge denying such dispositive motion, (2) entry of any order by the presiding judge allowing discovery under Rule 56 (f), or; (3) entry of any other order of the Court providing that the discovery should go forward. Immediately upon any expiration of such stay, however, the United States shall produce any further documents within 20 days and the parties shall cooperate to schedule any depositions as promptly as practicable.

---

[4] For example, Request No. 48 requests information regarding the IRS's "administration" of the Disclosure Initiative, which arguably seeks materials other than those specifically relating to the treatment of other taxpayers.

5

## IV. CONCLUSION

The motion is granted to the extent set forth above and is otherwise denied.

IT IS SO ORDERED.

Dated: October 16, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

ORDER
C 03-4518 JW (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Daniel E. Alberti     dalberti@mwe.com, clovdahl@mwe.com

Mark Hunter Churchill     mchurchill@mwe.com

William Carl Hankla     w.carl.hankla@usdoj.gov, lisa.d.allen@usdoj.gov, western.taxcivil@usdoj.gov

Eric Stephen Johnson     ejohnson@mwe.com

Emily J. Kingston     ekingston@sideman.com

Christopher Kliefoth     ckliefoth@mwe.com

Marika Lancaster     Marika.E.Lancaster@usdoj.gov

William M. Lukens     wlukens@lukenslaw.com, cgladwin@lukenslaw.com, djoc@oconnellassociates.com, jenny@jonak.com, louis.pugh@yahoo.com

Goud Maragani     Goud.P.Maragani@usdoj.gov, western.taxcivil@usdoj.gov

Joseph A Sergi     joseph.a.sergi@usdoj.gov, Western.Taxcivil@usdoj.gov

Cynthia Lewis Stier     cynthia.stier@usdoj.gov

Jay Robert Weill     jay.weill@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 10/16/07**               **Chambers of Judge Richard Seeborg**

                                  **By:        /s/ BAK**

ORDER
C 03-4518 JW (RS)

7